## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 24 2015, 10:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS

Dominic W. Glover
Coriden Coriden Andrews & Glover, LLC
Columbus, Indiana

ATTORNEY FOR APPELLEES

Casey D. Cloyd
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rachel Ann Nelson and Corey Joe Dennison,

*Appellants-Respondents,*

v.

Tammy Sue Nelson and Pamela Nelson,

*Appellees-Petitioners.*

September 24, 2015

Court of Appeals Case No. 03A01-1502-DR-62

Appeal from the Bartholomew Circuit Court

The Honorable Stephen R. Heimann, Judge

Cause No. 03C01-1204-DR-1639

**Najam, Judge.**

## Statement of the Case

[1]     Rachel Ann Nelson ("Mother") appeals the trial court's denial of her verified petition to terminate an order of custody regarding her minor child J.N.

Mother presents a single issue for our review, namely, whether the trial court abused its discretion when it ordered that J.N. remain in the custody of Tammy Sue Nelson and Pamela Nelson, J.N.'s maternal grandmother and great aunt, respectively. We affirm.[1]

## Facts and Procedural History

[2] On October 19, 2006, Mother, who was unmarried at the time, gave birth to J.N. During all but approximately eight months of her life since birth, J.N. has lived in Tammy Sue's home, sometimes with Mother and sometimes while Mother lived elsewhere. On April 2, 2012, Tammy Sue and Pamela, who live in adjoining apartments, filed a petition for custody of J.N. At a final hearing on that petition on June 21, 2012, Mother testified that she "had no place to live, no job, no source of income, a number of outstanding criminal issues and no vehicle." Appellant's Amended App. at 11. And Mother testified that "she believed it was in the best interests of her daughter for the Court to award custody of [J.N.] to [Tammy Sue and Pamela]." *Id.* J.N.'s father was not present at that hearing. The trial court granted the custody petition.

[3] On September 8, 2014, Mother filed a verified petition to terminate the June 2012 custody order. At a hearing on that petition, the trial court heard the following evidence: Mother was on probation following a possession of

---

[1] Corey Joe Dennison, J.N.'s father, is a named Appellant/Petitioner. But he did not join Mother in her petition to terminate the custody order, and he does not participate in this appeal.

methamphetamine conviction in 2013; Mother had not failed any drug screens while on probation; Mother's criminal history includes "two conversions and a battery," Tr. at 13-14; Mother completed substance abuse treatment; Mother is married and gave birth to twins in July 2014; Mother's husband is not the biological father of the twins; Mother works part-time at a hotel; Mother lives in a one-bedroom apartment with her husband and twins; Mother's husband is on probation for a driving while intoxicated conviction; and Mother has exercised visitation with J.N., including overnights, every weekend or every other weekend. Tammy Sue and Pamela testified that they believed it was in J.N.'s best interests to remain in their custody. The trial court denied Mother's verified petition. This appeal ensued.

## Discussion and Decision

[4] Mother contends that the trial court abused its discretion when it denied her verified petition to terminate the custody order. Our standard of review is well-settled. We review custody modifications for an abuse of discretion, with a "preference for granting latitude and deference to our trial judges in family law matters." *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002) (quoting *In re Marriage of Richardson*, 622 N.E.2d 178, 178 (Ind. 1993)). We set aside judgments only when they are clearly erroneous, and will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment. *Id.*

[5] In Indiana, we apply "the important and strong presumption that a child's interests are best served by placement with the natural parent." *In re*

*Guardianship of B.H.*, 770 N.E.2d 283, 287 (Ind. 2002). And, as our supreme court has explained with respect to third party custody proceedings,

> the distinctions between the statutory factors required to obtain initial custody and those required for a subsequent custody modification are not significant enough to justify substantially different approaches in resolving custody disputes. Instead both require a determination of the child's best interest, and both require consideration of certain relevant factors. *See* Ind. Code § 31-14-13-2 (Factors for custody determination), Ind. Code § 31-14-13-6 (Modification of child custody order). And importantly, Indiana courts have long held that "[e]ven when a parent initiates an action to reobtain custody of a child that has been in the custody of another, the burden of proof does not shift to the parent . . . [r]ather, the burden of proof is always on the third party." *In re Guardianship of J.K.*, 862 N.E.2d 686, 692 (Ind. Ct. App. 2007) (quoting *In re Custody of McGuire*, 487 N.E.2d 457, 460-61 (Ind. Ct. App. 1985)). A burden shifting regime that places "the third party and the parent on a level playing field," *Z.T.H.*, 839 N.E.2d at 253, is inconsistent with this State's long-standing precedent. . . .
>
> It is of course true that a party seeking a change of custody must persuade the trial court that "(1) modification is in the best interests of the child; and (2) there is a substantial change in one (1) or more of the factors that the court may consider under section 2 and, if applicable, section 2.5 of this chapter." I.C. § 31-14-13-6; *see also Heagy v. Kean*, 864 N.E.2d 383, 388 (Ind. Ct. App. 2007) (holding that "[m]odification of child custody may occur only when a parent can demonstrate 'modification is in the best interests of the child, and there is a substantial change in one or more factors the court may consider.'"). But these are modest requirements where the party seeking to modify custody is the natural parent of a child who is in the custody of a third party. The parent comes to the table with a "strong presumption that a child's interests are best served by placement with the natural

parent." *B.H.*, 770 N.E.2d at 287. Hence the first statutory requirement is met from the outset. . . . In essence, although in a very technical sense, a natural parent seeking to modify custody has the burden of establishing the statutory requirements for modification by showing modification is in the child's best interest, and that there has been a substantial change in one or more of the enumerated factors, as a practical matter this is no burden at all. More precisely, the burden is minimal. Once this minimal burden is met, the third party must prove by clear and convincing evidence "that the child's best interests are substantially and significantly served by placement with another person." *B.H.*, 770 N.E.2d at 287. If the third party carries this burden, then custody of the child remains in the third party. Otherwise, custody must be modified in favor of the child's natural parent.

*In re K.I.*, 903 N.E.2d 453, 460-61 (Ind. 2009).

[6] Here, at the hearing on Mother's petition, the trial court acknowledged *K.I.* but erroneously concluded that, because *K.I.* involved a guardianship, it was inapposite to this case. The trial court did not make special findings in its written order, but, at the conclusion of the hearing, the trial court had stated as follows:

> This Court believes that the appropriate standard, since this is not a guardianship, and since this is a modification of a set Custody Order, this court believes in reviewing the law that's been presented here and the Court's experience . . . in the past is that this modification of custody, since there's already been custody established, is such that mother would have the burden to prove these things under [Indiana Code Section] 31-17-2-8 and that the modification is in the best interest of the child and there has been a substantial change in one or more of the factors such that it would be in the best interest of the minor child. Okay. What

that burden is then, is at issue. But regardless of what that burden is, whether it's a minimal burden, by the natural parent, or whether it is a more stringent burden, the Court must . . . determine credibility of witnesses as it relates to the testimony that's come here. And the court notes that specifically in this case. In determining that mother has not met her burden, that it is in the best interest of the minor child that custody be dissolved under this case, and that she receive custody of the minor child, as a result of her being the child's mother. The Court does note that mother has made improvements in her life, but I will reiterate the credibility of the witnesses as it relates to the controverted issues here today, and the Court is relying upon that in making this determination. And so, therefore, I am going to find that Mother's petition is denied at this point.

Tr. at 92-93.

[7] Mother contends that, in light of those statements, it is obvious that the trial court "failed to apply the standards outlined in *K.I.*" Appellant's Br. at 7. In particular, Mother argues that

> *K.I.* indicates that Natural Mother meets her initial statutory burden—the burden that the trial court here indicates Natural Mother failed to prove—"from the onset" by virtue of her relationship with the child. Once Natural Mother meets that burden the third party must then prove by clear and convincing evidence that the child's best interests are substantially and significantly served by placement with another person. That was never proven here.
>
> The trial court here put the third parties and the parent on a level playing field and indicated that Natural Mother failed to carry her burden of proof. The trial court then also failed to find by clear and convincing evidence that [J.N.]'s best interests are substantially and significantly served by placement with another

person. The evidence failed to indicate that [J.N.]'s best interests are substantially and significantly served by continued placement with the third parties.

*Id.*

[8] Tammy Sue and Pamela agree that "*K.I.* correctly states the controlling Indiana law about resolution of custody disputes between natural parents and third parties." Appellees' Br. at 7. Thus, they contend that Mother's burden of proof here was minimal, and the burden then shifted to them to prove by clear and convincing evidence that the child's best interests are substantially and significantly served by placement with another person. *K.I.*, 903 N.E.2d at 460-61. Tammy Sue and Pamela maintain that they satisfied that burden, and they point out that we can affirm the trial court's denial of Mother's petition on that ground. We must agree.

[9] In *Baxendale v. Raich*, 878 N.E.2d 1252, 1257-58 (Ind. 2008), our supreme court reiterated that,

> "[i]n the absence of special findings, we review a trial court decision as a general judgment and, without reweighing evidence or considering witness credibility, affirm if sustainable upon any theory consistent with the evidence." *Perdue Farms, Inc. v. Pryor*, 683 N.E.2d 239, 240 (Ind. 1997)). Judgments in custody matters typically turn on essentially factual determinations and will be set aside only when they are clearly erroneous. We will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment. The concern for finality in custody matters reinforces this doctrine. *See Kirk v.*

*Kirk*, 770 N.E.2d 304, 307 (Ind. 2002) (citing *In re Marriage of Richardson*, 622 N.E.2d 178, 178 (Ind. 1993)).

[10] The trial court did not enter special findings to explain its denial of Mother's petition. However, at the conclusion of the hearing, the trial court expressly stated that it found Mother to be not credible, and we cannot reassess credibility on appeal. *Id.* Regardless of what burden was used by the trial court, in light of the overwhelming evidence presented by Tammy Sue and Pamela and the fact that the trial court found Mother not to be credible, any error was harmless. *See P.S. by Harbin v. W.S.*, 452 N.E.2d 969, 976-77 (Ind. 1983). In particular, the evidence shows that: J.N. has lived with Tammy Sue for all but approximately eight months of her life;[2] Mother admitted to having "had lots of criminal cases" in the past, including a January 2013 conviction for possession of methamphetamine, for which she spent approximately five months in jail; Mother has not participated in any parent-teacher meetings concerning J.N. and has not asked to see J.N.'s report cards; and Mother has a habit of bringing J.N. back home to Tammy Sue and Pamela when J.N. becomes ill during visits with Mother. We affirm the trial court's denial of Mother's petition for termination of custody order.

[11] Affirmed.

Vaidik, C.J., and Kirsch, J., concur.

---

[2] At the time of the hearing, J.N. was eight years old.